# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELVIN BARTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 07-153-RAW-KEW |
| MIKE ADDISION, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his conviction in LeFlore County District Court Case Number CF-2003-382 for three counts of Rape in the First Degree. He sets forth the following claim for relief:

> Petitioner's conviction rests upon an unconstitutional infringement of his Sixth Amendment right to the effective assistance of his trial and appellate attorneys through their failure to ensure that his Sixth Amendment right to have his jury impose his punishment was fully enforced.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in petitioner's direct appeal.

    C.    Opinion affirming petitioner's Judgment and Sentence. *Barton v. State*, No. F-2004-1042 (Okla. Crim. App. June 21, 2006).

    D.    Order denying petitioner's application for post-conviction relief. *State*

*v. Barton*, No. CF-2003-382 (LeFlore County Dist. Ct. Nov. 27, 2006).

E.	Petitioner's petition and brief in his post-conviction appeal.

F.	Order Affirming Denial of Post-Conviction Relief. *Barton v. State*, No. PC-2006-1314 (Okla. Crim. App. Mar. 2, 2007).

G.	Transcript of petitioner's sentencing.

H.	Transcript of petitioner's jury trial.

The Oklahoma Court of Criminal Appeals (OCCA) set for the facts of the case in its Order affirming the Judgment and Sentence:

> Melvin Eugene Barton . . . was tried by jury and convicted of three counts of First-Degree Rape in the District Court of LeFlore County, Case No. CF-2003-382, in violation of Okla. Stat. tit. 21, § 1114 (2001). Following the recommendation of the jury, the Honorable Farley W. Ward sentenced Barton to seven years imprisonment for Count One, five years imprisonment for Count Two, and five years imprisonment for count Three. The trial court ordered Barton's sentences to run consecutively. . . .
>
> On September 4, 2003, Latimer County police officer Derek Helmke responded to an alleged sexual assault that occurred in LeFlore County. According to the police report, A.W., then a 13-year-old girl, claimed a close family friend, Melvin Eugene Barton, then a 66-year old man, raped her on three different occasions. A.W. asserted that all of the rapes occurred in a similar fashion, with Barton entering into the living room of his two-bedroom house fully nude, grabbing her arms, and pulling her into the extra bedroom. Upon dragging her into the spare bedroom, Barton held A.W. down by her wrists, removed her shorts, and raped her.
>
> While Officers Helmke and Bias were questioning A.W. at her house, Barton pulled up in the driveway. Officer Helmke told Barton that there had been a drive-by shooting at the residence, and asked him to accompany him to the police station for questioning. At the police station, Helmke read a *Miranda* form to Barton and asked Barton to read the waiver portion of the form. Barton initialed and signed the form. Upon interrogation, Barton confessed to having sexual intercourse with A.W. on three occasions. He claimed, however, that the intercourse was consensual.

2

*Barton v. State*, No. F-2004-1042, slip op. at 1-2 (footnote omitted). The state court's factual findings are presumed correct, unless the applicant produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

Petitioner alleges his trial counsel was ineffective in failing to (1) ensure the jury, not the trial judge would impose his punishment, (2) ensure a fair opportunity to present mitigating evidence prior to sentencing, (3) request a mitigation hearing prior to sentencing, (4) inform him that the trial court would order his sentences to run consecutively, and (5) raise the issue of the trial court's increasing his sentences without holding a mitigation hearing. Because these issues first were raised in petitioner's application for post-conviction relief, the Oklahoma Court of Criminal Appeals (OCCA) found the claims were procedurally barred. *Barton v. State*, No. PC-2006-1314, slip op. at 2 (Okla. Crim. App. Mar. 2, 2007). The OCCA further found that appellate counsel was not ineffective in failing to raise these claims. *Id*. at 2-3.

> To support a claim of ineffective counsel, Petitioner must establish counsel's performance was deficient under prevailing professional norms and that but for the deficient performance, the outcome of his trial court proceedings would have been different, or he must establish factual innocence. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). It is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course may be followed. *Id*. at 697. Petitioner's jury imposed his punishment, by setting his sentence, for each of the crimes he committed. By law, the sentence for each crime is to be served separately, to wit: consecutively. Okla. Stat. tit. 21, § 61.1. The Oklahoma Legislature has given the sentencing judge the discretion to run sentences concurrently. Okla. Stat. tit. 22, § 976. Thus, it was not ineffective for Petitioner's appellate counsel to decline to make the argument Petitioner now attempts to make. *Strickland*, *supra*.

*Barton*, No. PC-2006-1314, slip op. at 2-3 (footnote omitted).

In all cases in which a state prisoner has defaulted his federal claims in state

court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The OCCA denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id.*

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id*. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner is claiming his "cause" for the procedural default was the ineffectiveness of his appellate counsel. In *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998), the Tenth Circuit Court of Appeals held that Oklahoma's procedural bar would apply to claims of ineffective assistance of trial counsel when trial and appellate counsel are different, and the ineffective assistance of trial counsel issue can be resolved on the record. Here, petitioner's trial and appellate counsel were different, and, as will be discussed below, petitioner's claim of ineffective assistance of trial counsel does not involve matters outside the court record.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's

performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id*. at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985).

> The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Consequently, appellate counsel engage in a process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1985) (quoting *Jones*, 463 U.S. at 751-52). The weeding out of weak claims to be raised on appeal "is the hallmark of effective advocacy," *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991), *cert. denied*, 502 U.S. 835 (1991), because "every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

*United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995).

> When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing *Cook*, 45 F.3d at 392-93), *cert. denied*, 525 U.S. 1151 (1999)). If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *See Cook*, 45 F.3d at 394.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

Petitioner has presented no evidence that something external prevented appellate counsel from constructing or raising petitioner's proposed claims of ineffective assistance of trial counsel, except perhaps appellate counsel's legal opinion that the claims were meritless. Therefore, petitioner has failed to make the required showing of "cause" for his failure to raise an ineffective assistance of trial counsel in his direct appeal. Furthermore, petitioner cannot demonstrate actual prejudice, because the claims have no merit.

Petitioner is alleging trial counsel was ineffective in failing to ensure the jury imposed

5

his punishment. He claims the trial court, contrary to the jury's verdict, increased his punishment by ordering the three sentences to run consecutively. When an Oklahoma defendant is convicted of two or more offenses, the sentences are to be served consecutively. Okla. Stat. tit. 21, § 61.1; Okla. Stat. tit. 22, § 976. The trial court, however, has discretion to run the sentences concurrently. *Coates v. State*, 137 P.3d 682, 685 (Okla. Crim. App. 2006); *Riley v. State*, 947 P,2d 530, 534 (Okla. Crim. App. 1997). The Tenth Circuit Court of Appeals has held that when a defendant is charged with separate crimes arising from one operation, the trial court properly may impose consecutive sentences, as long as the individual sentences fall within the statutory range of punishment. *United States v. Davis*, 573 F.2d 1177, 1181-82 (10th Cir. 1978). Such consecutive sentencing does not increase the original sentence. *Id*. The trial court imposed the sentences set by the jury, and because each of petitioner's sentences fell within the statutory range of punishment of five years to life, Okla. Stat. tit. 21, § 1115, petitioner's sentence was not increased by the consecutive sentences. Trial counsel argued at the sentencing hearing that the sentences should be suspended, split between incarceration and probation, or run concurrently. (Sentencing Tr. 6-13), and the record shows the trial court carefully considered the pre-sentence investigation report and counsel's arguments. (Sentencing Tr. 14-15). Any argument by trial counsel that the sentencing decision was unconstitutional would have been futile. Therefore, trial counsel was not ineffective with regard to this claim.

Petitioner also complains that trial counsel was ineffective in failing to (1) present mitigation evidence prior to the sentencing hearing, (2) request a mitigation hearing prior to sentencing, or (3) litigate the claim that the trial court could not increase punishment after the jury's verdict without holding a mitigation hearing. As discussed above, however, the

6

trial court did not increase petitioner's punishment when it decided to run the sentences consecutively.

With respect to petitioner's claim about a mitigation hearing and the presentation of mitigation evidence, "when the defendant appears for judgment, he must be informed . . . of the nature of the indictment or information, and his plea and the verdict, . . . and must be asked whether he has any legal cause to show why judgment should not be pronounced against him. Okla. Stat. tit. 22, § 970. This "legal cause" is limited to the defendant's insanity or any ground for granting a new trial. Okla. Stat. tit. 22, § 971. An Oklahoma defendant in a non-capital case tried to a jury is not entitled to present mitigation evidence, either as part of a trial proceeding or as part of any sentencing hearing. *Malone v. State*, 58 P.3d 208, 210 (Okla. Crim. App. 2002). *See also McGee v. State*, 127 P.3d 1147, 1149 (Okla. Crim. App. 2006). The Oklahoma rules conform with the United States Supreme Court's holding that individualized sentencing is not required in non-capital cases. *See Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991). Therefore, under *Strickland*, petitioner's trial counsel was not ineffective in failing to raise these issues, and the claim is without merit.

Petitioner's claim that trial counsel was ineffective in failing to notify petitioner prior to sentencing that the trial court would run the sentences consecutively also fails. Because it was within the trial court's discretion to run the sentences concurrently, all trial counsel could have told petitioner was that this outcome was a possibility. The record shows that trial counsel zealously argued for the sentences to be suspended, or to run concurrently, or for petitioner to receive a mixed sentence, with some time in prison and the remainder suspended. (Sentencing Tr. 6-13). Petitioner fails to set forth how knowing prior to

7

sentencing that his sentences would run consecutively would have changed any of the sentencing proceedings. He also has failed to show his alleged lack of this information met the burden set by *Strickland* to find his trial counsel was ineffective.

After careful review of the record, the court finds petitioner has failed to show any of his claims of ineffective assistance of counsel meet the *Strickland* test. Therefore, his appellate counsel was not ineffective in failing to raise the claims on appeal, and petitioner has not shown cause or prejudice for his procedural bar. The court further finds petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "'gateway'" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941 -942 (10th Cir. 1997) (internal quotations omitted). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

Regarding petitioner's separate claim of ineffective assistance of appellate counsel, the OCCA determined that under the *Strickland* standard, appellate counsel was not

8

ineffective in declining to raise the above claims on appeal. *Barton*, No. PC-2006-1314, slip op. at 2-3. Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

>    As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. . . . [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, ___ U.S. ___, 130 S.Ct. 133 (2009).

Here, the OCCA correctly analyzed petitioner's claim of ineffective assistance of appellate counsel and found counsel's failure to raise meritless claims was not deficient. Therefore, federal habeas relief cannot be granted.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 9th day of August 2010.

							**KIMBERLY E. WEST**
							**UNITED STATES MAGISTRATE JUDGE**